UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CISNEROS TAPIA,<br><br>  Plaintiff,<br><br>  v.<br><br>SANDOVAL, et al.,<br><br>  Defendants. | Case No. 25-cv-03152-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff Juan Cisneros Tapia, a prisoner at Pelican Bay State Prison ("PBSP"), has filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that the housing assignment of prisoners at PBSP's Building 1 is racially discriminatory. On June 27, 2025, the Court screened the initial complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend. ECF No. 9. The Court explained that while Plaintiff's allegations that racial and ethnic prisoner populations other than the African American prisoner population have been forced to double cell at PBSP's Building 1 suggest an arguably cognizable Section 1983 claim for racial discrimination, the claim was deficient because Plaintiff had not set forth specific facts showing how racial and ethnic prisoner populations other than the African American prisoner population have been targeted since September 25, 2024 (just as he arguably shows how the Hispanic prisoner population in D-Yard was targeted on September 25, 2024) and had not set forth specific facts showing how each named defendant – Warden S. Smith, Associate Warden D. Blythe, Captain Chapman and sergeants Brewer and Sandoval – is responsible for the alleged racial discrimination. *Id.* On August 4, 2025, Plaintiff filed a First Amended Complaint (FAC) that essentially repeated the allegations of racial discrimination in the original complaint and adding new allegations of failure to protect, but again failed to set forth specific facts showing how D-Yard's racial and

ethnic prisoner populations other than the African American prisoner population have been targeted since September 25, 2024, and showing how each named defendant is responsible for the racial discrimination. ECF Nos. 10, 11. The Court explained that the FAC's new allegation that Sergeant Sandoval and Correctional Officer Mitchell allowed Inmate Advisory Council (IAC) chair inmate Edwards to determine housing assignments so that African American inmates can maintain single cell status did not correct the identified deficiencies in the discriminatory housing claim because the FAC did not link the named defendants to the alleged discriminatory actions of inmate Edwards, Sergeant Sandoval, and Correctional Officer Mitchell. ECF No. 11 at 2-3. The Court also found that Plaintiff's failure-to-protect claim against Sergeant Sandoval and Correctional Officer Mitchell lacked the necessary specific facts to support a cognizable Eighth Amendment claim. ECF No. 11 at 3. The Court granted Plaintiff leave to file a second amended complaint to correct these deficiencies and ordered Plaintiff to file a second amended complaint by December 18, 2025, or face dismissal of this action. *Id.* The deadline has passed, and Plaintiff has not filed a second amended complaint or otherwise communicated with the Court. Accordingly, the Court DISMISSES this action for failure to state a claim. The dismissal is without prejudice to filing a motion to reopen, accompanied by a proposed second amended complaint that addresses the deficiencies identified in the Court's November 20, 2025 Order, and explains why Plaintiff failed to timely file a second amended complaint. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: January 12, 2026

_____
JON S. TIGAR
United States District Judge